STATE, Respondent, v. LA FLAMME, Appellant.

(219 N. W. 252.)

(File No. 6527.　Opinion filed May 4, 1928.)

*Atwater & Helm,* of Sturgis, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

BROWN, J. ▇ Defendant, who conducted a pool hall in Lead City, was found guilty of keeping and storing therein, on

September 16, 1926, intoxicating liquor with intent to evade the provisions of the prohibitory law. On this appeal he assigns a number of errors in the reception of evidence and instructions of the court, and also contends that the evidence is insufficient to justify his conviction. Appellant contends that the court erred in refusing to strike out as a conclusion the statement of a witness that liquor he procured in defendant's pool hall "had a tart taste to it, and it was fermented—well, right in the stage of fermenting." The witness did not undertake to state the alcoholic content of the wine as argued by appellant, and the statement that what he drank was in a state of fermentation, in the act of fermenting, was no more a conclusion than would be the statement of one that the milk which he drank was turning sour. It does not require a skilled chemist to determine when grape juice or any other fruit juice is fermenting; that is a fact which the observation of ordinary persons can determine.

■ Defendant complains that evidence was received which tended to show that he sold intoxicating liquors in his pool hall on two occasions in the month preceding the date of the offense charged and before any evidence had been given tending to establish the offense charged. The first witness for the state testified to facts from which the jury could have found that he knowingly had intoxicating liquors in his possession on the premises on the date charged in the information, and proof of the sale of such liquors on various dates during the preceding month was properly received as tending to show knowledge on his part of the character of the liquor sold.

■ He contends that the court erred to his prejudice in permitting witnesses who testified to these previous sales to state that defendant at the time invited them to gamble. This testimony came out in stating what was going on at the time the witnesses procured the liquor which they testified was intoxicating. The witnesses testified that while they were drinking the liquor they played a little game with dice.

■ What was said about gambling was merely a part of the narrative of what occurred while they were purchasing and drinking the liquor, and in our opinion its admission was not error. Even if it was, we do not see that it was prejudicial, in view of all the evidence. A witness, who stated that he was an "under-cover"

man under the direction of the federal prohibition enforcement officer, was asked on cross-examination as to the amount of his compensation and by whom he was paid, and, having answered on these points, was further asked by defendant's attorney where he got the money with which to go to Sioux Falls and stay about a month. The objection to this line of questioning was properly sustained. The witness having fully answered as to the amount and manner of his compensation for his services as under-cover man, it was of no concern to the defendant where he got the money to go to Sioux Falls. Defendant complains of an instruction to the effect that, if the jury should find he was conducting a pool hall and selling soft drinks in the place charged in the information and that he kept and stored intoxicating liquors therein, he was violating the provisions of the intoxicating liquor law. The criticism is that this removed from the consideration of the jury the question of knowledge and intent on the part of the defendant. But in another portion of the charge the court instructed the jury that:

"Intent necessarily means a knowledge on the part of defendant that the liquor in question was intoxicating, and unless you find that defendant knew that said liquor was intoxicating you cannot find him guilty as charged."

The exception to the instructions cannot be sustained.

It appears that defendant procured through another person in Lead City barreled grape juice and that this was not intoxicating liquor, and it is defendant's contention that this alone is what he kept or sold, but chemical analysis of the liquor sold by him to the witnesses for the state showed an alcoholic content of 6 to 9 per cent, and there is testimony to the effect that the defendant said he had put raisins and sugar in the barrel to give the contents "a kick." The question of the intoxicating character of the liquor was submitted to the jury under the proper instructions, and we cannot say that the verdict is not supported by the evidence. Other assigned errors have been carefully considered, but we find nothing that would warrant a reversal. Judgment and order appealed from are affirmed.

POLLEY and SHERWOOD, JJ., concur.

CAMPBELL, J., concurs in result.

BURCH, P. J., not sitting.